UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELBY WEIGANDT,

                                                                          Case Number 14-12078
                Plaintiff,                        Honorable David M. Lawson

v.

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN, VHS
SINAI-GRACE HOSPITAL, INC.,
DETROIT MEDICAL CENTER, DETROIT
MEDICAL CENTER HEALTH CARE BENEFITS
PLAN, and DMC BENEFITS COMMITTEE,

                Defendants.
_____/

## OPINION AND ORDER DENYING MOTION TO DISMISS

Plaintiff Shelby Weigandt, injured in a car crash in 2012, has filed this lawsuit to establish which of two sources is responsible to pay her medical costs — her ERISA-governed employee benefit plan or her no-fault insurer — and to enjoin her benefit plan from seeking reimbursement from any recovery that does not compensate her for those medical expenses. Defendant Farm Bureau General Insurance Company, Weigandt's no-fault insurer, has filed a motion to dismiss the case for want of subject matter jurisdiction. Farm Bureau argues that because Wiegandt seeks only "legal" relief, that is, the enforcement of her alleged right to avoid the contractual obligation to reimburse her employer for her medical expenses, ERISA's enforcement statute cannot support her recovery. Farm Bureau reasons, therefore, that absent a claim for equitable relief, this Court has no federal question jurisdiction over the complaint. However, the precise question presented here was decided in the plaintiff's favor by the Sixth Circuit eight years ago. *See Rodriguez v. Tennessee*

*Laborers Health & Welfare Fund*, 463 F.3d 473 (6th Cir. 2006).  The Court will deny the motion to dismiss for want of jurisdiction.

I.

The facts of the case are uncomplicated.  At the time of the automobile accident, Weigandt was employed by DMC and participated in the company's employee benefit plan, identified as the Detroit Medical Center Health Care Benefits Plan.  The plan is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*  Weigandt also purchased no-fault automobile insurance from Farm Bureau.  The policy included coverage for under-insured and uninsured motorist claims.

Weigandt alleges that she was seriously injured in a two-car motor vehicle accident on November 21, 2012.  The other driver was uninsured.  Weigandt contends that the other driver caused the accident, and that her injuries exceeded the threshold necessary for her to recover compensation from the other driver under Michigan law.  *See* Mich. Comp. Laws § 500.3135.  However, Michigan's no-fault law prohibits her from recovering her medical expenses from that driver; she must seek compensation for those from her own insurance company.  *See* Mich. Comp. Laws § 500.3107.  Weigandt's medical expenses also were covered by the DMC Health Care Benefits Plan.

As it turns out, both the Plan and Farm Bureau paid some of Weigandt's medical expenses.  But the way she reads the Plan documents and her insurance policy, she concludes that the Plan is primarily responsible for any motor vehicle accident-related medical expenses.  The Plan also contains a provision entitling it to reimbursement for those expenses from any recovery arising out

of the accident. The Plan also has a right of subrogation with respect to any expenses which the Plan paid.

Weigandt has filed a lawsuit in state court against Farm Bureau under the uninsured motorist policy provisions to recover damages for non-economic loss that she suffered in the accident. That lawsuit is pending presently, and Weigandt has not realized any recovery yet. The damages she seeks in that case do not include reimbursement for medical expenses; Michigan's no-fault insurance law does not allow her to recover those from the tortfeasor, and therefore they would not be included in any recovery under the uninsured motorist coverage. She fears, however, that if she wins a recovery in that case, the Plan will attempt to take some of those funds for reimbursement of medical expenses, even though the recovery would not include payment for medical expenses.

Weigandt contends that the language of the reimbursement and subrogation clauses in the Plan is ambiguous and conflicting, but no matter how it is interpreted, she should not have to reimburse the Plan or Farm Bureau from medical expenses from any recovery in her uninsured motorist case. She filed the present lawsuit "to . . . [d]eclare Plaintiff's right to benefits and the priority of coverage under § 502(a)(1)(B) of [ERISA] and the Michigan No-Fault Act, [and to] [e]njoin certain acts and practices and to obtain other appropriate equitable relief under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3)." Compl. ¶ 1. In her prayer for relief, Wiegandt asks that the Court "declare the rights and duties of the parties regarding payment of Plaintiff's benefits and the priority of coverage under the terms of [the DMC Health Plan] and the terms of the Farm Bureau [] policy, pursuant to the applicable provisions of ERISA and the Michigan No-Fault Act." Compl. ¶ 9. She further prays that the Court enjoin the DMC defendants from "pursu[ing] reimbursement

or subrogation from any third-party tort or [uninsured motorist] recovery she may obtain." Compl. ¶ 10.

In its motion to dismiss, Farm Bureau, relying on Federal Rule of Civil Procedure 12(b)(1), contends that the complaint raises claims beyond the subject matter jurisdiction of the Court because Weigandt seeks only "legal" relief in the form of her alleged right to avoid the contractual obligation to reimburse DMC for her medical expenses. According to Farm Bureau, such a claim is not authorized by ERISA because Weigandt is not seeking to compel payment of benefits or to "enforce" any provision of the DMC Health Plan, but merely wants to avoid a contractual obligation to pay back money already disbursed on her behalf. Farm Bureau argues that such a claim is precluded under the holding of *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), in which the Supreme Court instructed that claims seeking to recover sums allegedly due under a contract or to obtain "legal" restitution are not permitted under the authority of 29 U.S.C. § 1132(a)(1)(B) or (a)(3). Weigandt disagrees. The Court heard argument on the motion on October 9, 2014.

II.

Rule 12(b)(1) "provides for the dismissal of an action for lack of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). Such a motion can focus solely on the pleadings, amounting to a "facial attack," or may probe deeper into the underlying facts of the case, which is a "factual attack." *Ibid.* (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). "A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1)

analysis," but "[a] factual attack challenges the factual existence of subject matter jurisdiction." *Ibid.*

Farm Bureau's motion mounts a facial attack. The "[p]laintiff bears the burden of establishing that subject matter jurisdiction exists." *Id.* at 760 (citing *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)).

"'The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans.'" *Sherfel v. Newson*, No. 12-4285, --- F.3d ---, slip op. at 2 (6th Cir. Sept. 30, 2014) (quoting *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004)). "ERISA is a statute unique in its preemptive effect," and its "purpose is among the broadest, if not the broadest, recognized by the Supreme Court." *Ibid.* "'Congress intended' ERISA's civil-enforcement provision, 29 U.S.C. § 1132(a), 'to be the exclusive remedy for rights guaranteed under ERISA[.]'" *Id.* at 6 (quoting *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 144 (1990)). "'[T]he detailed provisions of § [1132](a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans.'" *Ibid.* (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)). Section 1132(a) states that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," 29 U.S.C. § 1132(a)(1)(B), or "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan," 29 U.S.C. § 1132(a)(3). "Except for actions

under subsection (a)(1)(B) [], the district courts of the United States . . . have exclusive jurisdiction of civil actions [under ERISA] brought by the Secretary or by a participant, beneficiary, fiduciary [or certain other persons]," and "State courts of competent jurisdiction and district courts of the United States . . . have concurrent jurisdiction of actions under [subsection (a)(1)(B)]" 29 U.S.C. § 1132(e)(1).

Farm Bureau insists that the plaintiff's claims are not authorized by ERISA's enforcement provisions. It states, accurately, that the Supreme Court held in *Great-West* that a plaintiff may not recover under section1132(a) on claims seeking only legal relief. But even if that is true in this case, subject matter jurisdiction is not affected. The Sixth Circuit has warned that attacks on the merits should not be confounded with jurisdictional challenges, admonishing courts to be more exacting when addressing challenges that are phrased as an attack on jurisdiction. *Primax Recoveries, Inc. v. Gunter*, 433 F.3d 515, 518-19 (6th Cir. 2006) ("'Clarity would be facilitated . . . if courts and litigants used the label "jurisdictional" not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority.'" (quoting *Eberhart v. United States*, 546 U.S. 12, 16 (2005) (per curiam), and citing *Kontrick v. Ryan*, 540 U.S. 443, 453 (2004))).

In the present context, the Sixth Circuit has held that the form of relief sought is a "substantive element" of the plaintiff's claim that is "not jurisdictional." *Russell v. Catholic Healthcare Partners Emps. Long Term Disability Plan*, --- F.3d ---, 2014 WL 3953722, at *2 (6th Cir. Aug. 14, 2014) (quoting *Daft v. Advest, Inc.*, 658 F.3d 583, 587, 590-91 (6th Cir. 2011)). In *Primax*, the court of appeals rejected its own previously binding decisions holding "that a federal court has no subject-matter jurisdiction over an action ostensibly brought under 29 U.S.C. §

1132(a)(3) apparently for solely legal relief," and held that "in such cases, a federal court has subject-matter jurisdiction, even if the plaintiff is unable to state a claim upon which relief can be granted." *Primax Recoveries*, 433 F.3d at 517. The Court explained that this reversal was mandated by then-recent decisions of the Supreme Court that instructed the lower federal courts to "use the term 'jurisdiction' with more precision." *Id.* at 518. The court of appeals acknowledged the rule announced in *Great-West*, in which the Supreme Court held that 29 U.S.C. § 1132(a)(3) "authorizes only equitable, not legal, relief." *Ibid.* But the Sixth Circuit nevertheless held that "an action under 29 U.S.C. § 1132(a)(3) seeking only legal relief does not fall outside a federal court's subject-matter jurisdiction, but instead raises the question whether a party has failed to state a claim upon which relief can be granted." *Id.* at 519; *see also Citizens Ins. Co. of Am. v. MidMichigan Health ConnectCare*, 449 F.3d 688, 690-91 (6th Cir. 2006) ("[A] priority dispute arising between an ERISA plan and a no-fault policy is resolved pursuant to federal common law," and "[s]ubject matter jurisdiction [therefore] is proper under [ERISA] and 28 U.S.C. § 1331.").

Farm Bureau relies on *Reynolds Metals Co. v. Ellis*, 202 F.3d 1246 (9th Cir. 2000), in which the Ninth Circuit held that an action brought by an employer as plan fiduciary under ERISA, where the employer sought reimbursement for medical expenses paid from the employee's recovery in tort, properly was dismissed by the district court. But the Ninth Circuit's holding in *Reynolds* is in accord with *Primax* and not in conflict, because in *Reynolds* the defendant employee sought, and was granted, dismissal of the employer's complaint for failure to state a claim under Rule 12(b)(6), not for lack of subject matter jurisdiction under Rule 12(b)(1). *Reynolds Metals Co. v. Ellis*, No. 97-6153, 1997 WL 33539501 (C.D. Cal. Nov. 26, 1997).

However, even if the defendant's motion had invoked the proper rule, it still would have to be denied, because the Sixth Circuit consistently has held, on the same or nearly the same facts, that the claims Weigandt has asserted in her complaint are cognizable and proper under section 1132(a)(3). In *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 463 F.3d 473 (6th Cir. 2006), the Sixth Circuit discussed at length — and rejected — all of the defendant insurer's arguments in support of its position that a complaint substantively identical to Weigandt's should be dismissed because it sought only non-equitable legal and declaratory relief. In that case, like the present one, the plaintiff's ERISA plan paid medical expenses after the plaintiff was injured in an automobile accident. When the plan sought reimbursement from the plaintiff's tort recovery, the plaintiff filed a declaratory judgment action in federal court. The plan moved for dismissal for lack of jurisdiction. The court of appeals sustained the trial court's rejection of that motion, noting that in many declaratory judgment actions, "'the realistic position of the parties is reversed. The plaintiff is seeking to establish a defense against a cause of action which the declaratory defendant may assert in the [state] courts.'" 463 F.3d at 474 (quoting *Public Service Commission v. Wycoff Co.*, 344 U.S. 237, 248 (1952)). Quoting *Wycoff* further, the court explained:

> "Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, *it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court*." *Id.* (emphasis added).
> . . .
> The key issue then in determining whether the federal courts have jurisdiction over a claim for declaratory relief is whether the impending or threatened action would raise a federal question. In other words, the question is whether the federal courts would have subject matter jurisdiction over the threatened claim. Here, although the precise content of the threatened claim is uncertain, it is clear that the Fund could have brought suit under § 1132(a)(3) to seek reimbursement.
> . . .
> We therefore conclude that the relevant threatened claim was in the nature of a claim by the Fund for reimbursement under ERISA, an action over which the federal

> courts, per the teaching of *Primax*, would have subject matter jurisdiction. It follows that the district court had subject matter jurisdiction over plaintiff's § 1132(a)(3) claim seeking declaratory relief.

*Rodriguez*, 463 F.3d at 474-77

Subject matter jurisdiction exists in this case as well over the plaintiff's claim under section 1132(a).

In its reply brief, Farm Bureau slipped in an additional jurisdictional argument: that because the plaintiff admitted that its recovery in her uninsured motorist state court case is "potential," the present declaratory judgment action is not ripe. Arguments raised for the first time in a reply brief are not favored. *Balsley v. LFP, Inc.*, 691 F.3d 747, 773 (6th Cir. 2012) ("Issues raised for the first time in a reply brief are not properly before this court" (quoting *United States v. Perkins*, 994 F.2d 1184, 1191 (6th Cir. 1993))). Nonetheless, ripeness is an essential feature of Article III jurisdiction, so the Court will address it. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (holding that Article III courts have an independent obligation to determine whether subject matter jurisdiction exists).

Article III of the Constitution permits federal courts to adjudicate only actual cases and controversies. U.S. Const. art. III, § 2. The concept of ripeness is one of several justiciability doctrines "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993). The "basic rationale" of the ripeness doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . and also to protect . . . from judicial interference until a[] . . . decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967).

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted).

The Declaratory Judgment Act authorizes federal courts, "[i]n a case of actual controversy within its jurisdiction . . . [to] declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). When determining whether a declaratory judgment action is ripe for adjudication, "[t]he test to be applied . . . 'is whether . . . there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). "In order to determine whether a claim is ripe, this court examines (1) the likelihood that the harm alleged will ever come to pass; (2) whether the factual record is sufficiently developed to allow for adjudication; and, (3) hardship to the parties if judicial review is denied." *Norton v. Ashcroft*, 298 F.3d 547, 554 (6th Cir. 2002) (citing *Adult Video Ass'n v. United States*, 71 F.3d 563, 568 (6th Cir. 1995)).

The plaintiff alleges in this case that she is a participant in the DMC Plan, that the Plan contains a requirement that she reimburse it for medical expenses paid for her care for injuries sustained in the car crash from funds recovered, that the Plan in fact paid medical expenses, and that she presently is seeking recovery from a third-party source for accident-related injuries. The plaintiff has alleged that the other driver was at fault for the accident and that she has uninsured motorist coverage in effect. Her likelihood of a recovery from a third-party source is more than conjectural, and the Plan's intention to enforce its reimbursement rights is virtually certain. The

decision requires an interpretation of the Plan and insurance documents; therefore, the factual record is more than adequate. And the plaintiff's litigation decisions in her state court case may turn on her assessment of the net recovery she could receive, which would be affected substantially by whether the Plan could obtain a share of the recovery. The plaintiff has presented a live controversy that is ripe for adjudication. Moreover, refraining from adjudicating the claim runs counter to "'a federal court's obligation to hear and decide' cases within its jurisdiction[, which] 'is virtually unflagging.'" *Susan B. Anthony List v. Driehaus*, --- U.S. ---, ---, 134 S. Ct. 2334, 2347 (2014) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. ---, ---, 134 S. Ct. 1377, 1386 (2014)).

### III.

The Court has subject matter jurisdiction over the plaintiff's claim for declaratory and injunctive relief under 29 U.S.C. § 1132(a)(1) and (3).

Accordingly, it is **ORDERED** that the motion by defendant Farm Bureau General Insurance Company to dismiss the case for want of subject matter jurisdiction [dkt. #10] is **DENIED**.

                                                  s/David M. Lawson
                                                  DAVID M. LAWSON
                                                  United States District Judge

Dated: October 9, 2014

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 9, 2014.

                            s/Marilyn Orem
                            MARILYN OREM